

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXX

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

O-3287
Re: Concerning statue of State Auditor's
Department, the Senate having refused
confirmation of Tom C. King and the
Governor thus far having nominated no
other appointee.

To your letter of March 15, 1941, you attach a claim of
Stovall-Richter Printing Company in the amount of 75¢ for stationery fur-
nished the State Auditor's Department, bearing the signature of Fred R.
Donoho, First Assistant State Auditor, and the approval of the Board of
Control. During the last year the Governor appointed Mr. Tom C. King
State Auditor and submitted his name to the State Senate at its present
session for confirmation which was refused. In view of the fact that
Mr. King's appointment was rejected prior to the approval of the claim,
you request our opinion as to whether you should issue a warrant in
payment.

You also request our opinion as to whether the regular
employees of the Auditor's Department, at the time the Senate refused to
confirm Mr. King's appointment, would be authorized to receive their salary
after the date of such refusal, they having continued the performance of
their respective duties. In the event of an affirmative answer to this
question you request us to advise who would be authorized to approve the
salary claims. We will observe that as yet no successor to Mr. King
has been appointed.

We have written Opinion No. O-3343 expressing the view that
the Senate's rejection of Mr. King's appointment left the office held by
him wholly vacant.

Article 4413a-6, Vernon's Annotated Civil Statutes,
reads:

"In the event said Auditor shall find it necessary
to have assistance in the discharge of the duties herein
imposed upon him, he may apply to the Governor for such
assistance and the Governor is hereby authorized, in his
discretion, to appoint such assistant or assistants, in-
cluding stenographic and clerical assistance, as he may
consider necessary, in order to accomplish the purposes
of this Act."

We are advised by Mr. Donoho that it has long been the practice in the State Auditor's Department for one of the assistants to be designated as First Assistant.  The General Departmental Appropriation Bill (S.B. 427, p. 26, Vol.  2, Acts 46th Leg.) carries an appropriation of $3600.00 per year for the "First Assistant State Auditor." Also contained in S.B. 427 are itemized appropriations for other assistants and employees.  There is no statute defining the duties of the First Assistant, as  is the case in some of the departments.  It is noted that the assistants in the State Auditor's Department are appointed by the Governor.  Furthermore he is expressly given the power to remove them.  Article 4413a-7, V.A.C.S.  Such assistants, including First Assistant Donoho, as were lawfully serving in the State Auditor's Department at the time of Mr. King's rejection were not discharged ipso facto by such rejectioN.

Article 4355, Revised Civil Statutes, requires claims against the State to bear the "signature of the head of the department or other person responsible for incurring the expenditure."

Article 634, Revised Civil Statutes, reads:

"The Board of Control shall purchase all the supplies used by each Department of the State Government, including the State Prison System, and each eleemosynary institution, Normal school, Agricultural and Mechanical College, University of Texas, and each and all other State Schools or Departments of the State Government heretofore or hereafter created. Such supplies to include furniture and fixtures, technical instruments and books, and all other things required by the different departments or institutions, except strictly perishable goods."

In the current Departmental Appropriation Bill, S.B. 427, at page 223, Special Laws, 46th Leg., it is provided:

"All printing and stationery shall be purchased through the Board of Control and shall be confined to such articles and qualities as selected and contracted for by the Board, except certain printing provided by law to be done by several State agencies.  No part of the herein appropriated amounts shall be used for the purchase of embossed or engraved printing and stationery except for the Governor's office."

Since the Board of Control, the purchasing agent of the State, has approved this claim in evidence of the fact that the purchase is within its contract, and in view of the fact that Article 4355 does not necessarily require that authentication be by the department head, it is our opinion that Mr. Donoho's signature on the claim satisfies the statute and we answer your first question in the affirmative.

In the General Departmental Appropriation Bill, S.B. 427,

46th Leg., at page 229, Vol. 2, Acts 46th Leg., we find the following:

"No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties. Every month the head of each department shall attach to the payroll for his department an affidavit, under oath, stating that the persons listed in said payroll actually performed the duties for which they were being paid. The Comptroller shall not issue warrants for the payment of salaries listed on said payroll unless this affidavit is filed with him."

Since the employees in the State Auditor's Department serve under appointment by the Governor, those who have not been discharged by him and who have continued in the performance of their customary duties since the rejection of Mr. King manifestly are entitled to be paid for their services. Suppose near the end of some month the head of such a department should die without having made the affidavit covering the services of the departmental employees for such month and the successor could not make the affidavit due to lack of knowledge of the facts -- would such employees be deprived absolutely of their pay by the above provision in the Departmental Appropriation Bill? We do not think so. It is our opinion that under such exceptional circumstances as that and the present the Comptroller may accept other proof. In any event he should require the affidavit of the First Assistant, and if satisfied as to the correctness of the affidavit of such First Assistant he may issue salary warrants to employees in the State Auditor's Department in accordance therewith.

This opinion is confined to the exact facts presented in your request.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
   Glenn R. Lewis
   Assistant

GRL:db:wc

APPROVED APRIL 4, 1941
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion Considered and Approved In Limited Conference